Matthew S. Parmet (CSB # 296742)
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone   713 999 5228
fax      713 999 1187
matt@parmet.law

*Local Counsel for Plaintiffs and Putative Class Members*

Don Foty (TX Bar No. 24050022)
HODGES & FOTY, LLP
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001
Fax:    (713) 523-1116
Email: dfoty@hftrialfirm.com
(Will apply for *pro hac vice* admission)

*Counsel for Plaintiffs and Putative Class Members*

## UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH DUBOIS and NANCY TROJAN, on Behalf of Themselves and on Behalf of All Others Similarly Situated** § § § § | **CIVIL ACTION NO. 3:20-cv-02045** |
| **Plaintiffs,** § § § | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| **V.** § § § | |
| **SAND CASTLE INVESTMENTS LLC d/b/a SAND CASTLE FIELD SERVICES LLC,** § § § § § | 1. **Failure to Pay Minimum Wage (Violation of California Labor Code §§ 1182.11, 1194, et seq., IWC Wage Order No. 9, Minimum Wage Order)** |
| **Defendant.** § § § § § § § § | 2. **Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)** |
| § § | 3. **Failure to Provide Off-Duty Meal and Rest Periods (Cal. Labor Code** |

§ §§ 218.5, 226.7, 512; IWC Wage
§ Order 4-2001)
§
§ 4.  Failure to Provide Itemized Wage
§     Statements (Cal. Labor Code §
§     226)
§
§ 5.  Failure to Provide Wages Upon
§     Separation of Employment (Cal.
§     Labor Code §§ 201-203)
§
§ 6.  Failure to Reimburse for
§     Necessary Expenditures (Cal.
§     Labor Code § 2802)
§
§ 7.  Unfair Competition (Violation of
§     Cal. Business and Professions
§     Code, § 17200, *et seq.*)
§
§ 8.  Declaratory Judgment (28 U.S.C.
§     §§ 2201-02)

## PLAINTIFFS' CLASS ACTION COMPLAINT

### I.   INTRODUCTION

1.    This is a class action lawsuit brought by Plaintiffs Deborah DuBois and Nancy Trojan on behalf of themselves and all others similarly situated.  Defendant Sand Castle Investments LLC d/b/a Sand Castle Field Services LLC misclassified Plaintiffs as independent contractors instead of as employees. As a result of this misclassification, Defendant has unlawfully required the Plaintiffs and Class Members to pay business expenses (including but not limited to the cost of maintaining their vehicles, gas, insurance, phone and data expenses, and other costs) in violation of Cal. Lab. Code § 2802. Defendant has also failed to guarantee and pay the Plaintiffs and Class Members the minimum wage for all hours worked and has failed to pay overtime premiums for hours worked in excess of eight hours per day or forty hours per week in violation of Cal. Lab. Code §§ 1182.12, 1194.2, 1194, 1197, 1197.1, 1198, 1199, 510 and 554. Defendant has also failed to provide proper itemized wage statements that include all the requisite information, including hours worked and hourly wages in violation of Cal. Lab. Code § 226(a).

1    Defendant's continued misclassification of the Plaintiffs and Class Members as independent

2    contractors is a willful misclassification in violation of Cal. Labor Code § 226.8.

3          2.    Indeed. the California legislature has now passed a statute known as Assembly Bill

4    5 (or "A.B. 5"), which codifies the 2018 California Supreme Court decision, *Dynamex Operations*

5    *W., Inc. v. Superior Court*, 4 Cal. 5th 903, 416 P.3d 1 (2018), *reh'g denied* (June 20, 2018), under

6    which an alleged employer cannot justify classifying workers as independent contractors who

7    perform services within its usual course of business. It has been widely recognized by the

8    California legislature, including the bill's author, that the purpose and intent of this statute is to

9    ensure that companies stop misclassifying their workers as independent contractors. Nevertheless,

10   Defendant has continued to classify the Plaintiffs and Class Members as independent contractors.

11   This ongoing defiance of the law constitutes a willful violation of California law.

12         3.    Plaintiffs brings these claims on behalf of themselves and all other similarly

13   situated pursuant to Fed. R. Civ. P. 23. They seek recovery of damages for themselves and the

14   Class, as well as declaratory and injunctive relief, requiring Defendant to reclassify the Plaintiffs

15   and Class Members as employees in California.

16                        **II.    JURISDICTION AND VENUE**

17         4.    This Court has jurisdiction over the state law claims asserted in this Complaint

18   pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332.  This Court also has jurisdiction

19   under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Rule 57 of the Federal Rules of

20   Civil Procedure.

21         5.    This Court has personal jurisdiction over Defendant because it has purposefully

22   availed itself of the privilege of conducting business activities in the state of California.  Defendant

23   has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of

24   jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

25   The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional

26   requirements of due process.

27         6.    Specifically, Defendant employs residents of California, contracts with customers

28   in California, and maintains a significant business presence in this state.

7.      The causes of action in this suit arises from and relates to the contacts of Defendant with the state of California, specifically Defendant's employment of California residents and its subsequent failure to pay those residents in accordance with California law.

8.      A substantial part of the events or omission which give rise to the claims occurred in this District.  Specifically, Plaintiff DuBois worked in this District, was misclassified in this District, and was denied the wages she was legally entitled in this District.

### III.   INTRADISTRICT ASSIGNMENT

9.      A substantial part of the events or omissions giving rise to this claim occurred in and around Alameda County, California.

10.     This matter is therefore properly assigned to the District's San Francisco or Oakland Division. Civ. L.R. 3-2(e).

### IV.   PARTIES AND PERSONAL JURISDICTION

11.     Plaintiff Deborah DuBois is an individual residing in California.  She worked for Defendant within the past four years.

12.     Plaintiff Nancy Trojan is an individual residing in California.  She has worked for Defendant since May 2016.

13.     The "Class Members" are all current and former Inspectors a/k/a Field Representatives and all workers in substantially similar positions in California classified as independent contractors during the four-year period prior to the filing of this Complaint to the present.

14.     Defendant Sand Castle Investments LLC d/b/a Sand Castle Field Services LLC is a Wisconsin limited liability company.

15.     Defendant conducts business in a systematic and continuous manner in California, including throughout this District and Division.

16.      Defendant may be served process by serving its registered agent, **CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento, CA 95833**.

## IV.   **FACTS**

17.    Defendant is a company that provides various home, vehicle, and property inspections.  As its website states, Defendant's "field representative completes an occupancy inspection to report on property type, occupancy status, postings, potential hazards, damages, detached structures, lawn, and utilities. If requested, an interior inspection is conducted, which includes a visual inspection of interior rooms for damages and overall condition."

(*See* https://www.sandcastlefs.com/Public/Services/Inspection_Services.aspx, last visited February 26, 2020).

18.    To provide these inspection services, Defendant employs "Field Representatives," also known as "Inspectors".

19.    These Inspectors have performed services across the country, including in California, Texas, and Florida.

20.    Plaintiff DuBois worked for Defendant as an Inspector from February 2017 to November 2017.  Plaintiff DuBois worked in the San Francisco Bay area performing inspections.

21.    Plaintiff Trojan has worked for Defendant as an Inspector since May 2016.  She has worked in the Los Angeles County area.

22.    As Inspectors, Plaintiffs and the Class Members travelled to different locations to inspector homes, vehicles, and property. If the inspection was of a home, they completed an occupancy inspection report which detailed the property type, occupancy status, postings, potential hazards, damages, detached structures, lawn, and utilities. If the inspection was of the interior of the home, they would conduct a visual inspection from the outside for damages and overall condition

23.    As part of the inspection process, the Plaintiffs and Class Members were required to complete a standardized inspection form created by Defendant.

24.    For their work, they were paid a pre-established rate per inspection of $35.

25.    They were not allowed to negotiate the amount they were paid.  Instead, their pay was offered on a "take it or leave it" basis.

26.     Further, Plaintiffs and the Class Members were required to drive to different properties to inspect.  They were not reimbursed for their mileage.  They typically drove at least 100 miles per week for work for Defendant.

27.     When inspecting homes, the Plaintiffs and Class Members were required to follow strict policies and procedures set by Defendant.  If they did not perform an inspection according to Defendant's policies and procedures, Defendant would punish the housing inspectors by not paying them for the inspection.

28.     Prior to performing their work for Defendant, the Plaintiffs and Class Members were required to complete an application and submit to a background check.  If they met Defendant's requirements, they were hired.

29.     Further, before they could work for Defendant, the Plaintiffs and Class Members were required to complete Defendant's training program.

30.     After completing the application, passing the background check, and completing Defendant's training, Defendant assigned the Plaintiffs and Class Members various properties to inspect across the country.

31.     Defendant also provided standard operating procedures to the Plaintiffs and Class Members that they were required to follow.

32.     While working in the field, the Plaintiffs and Class Members were subject to Defendant's control.  Defendant would review their work, make corrections, and issue instructions.

33.     Prior to inspecting a home, the Plaintiffs and Class Members were required to call the property owner, introduce themselves as working for Defendant, and schedule a time to complete the inspection.

34.     Plaintiffs and the Class Members worked long hours, often through the night, to perform their work.

35.     Plaintiffs and the Class Members routinely worked in excess of 8 hours in a day and 40 hours in a week.

36.     Plaintiffs and the Class Members were non-exempt employees.

37.     Plaintiffs and the Class Members were paid on a piece rate basis where their pay depended upon the number of inspections.

38.     However, Defendant misclassified Plaintiffs and the Class Members as independent contractors instead of as employees.

39.     As a result, Plaintiffs and the Class Members were not paid at least at the minimum wage rate for all hours worked or overtime wages when they worked more than 8 hours in a day or 40 hours in a week.

40.     Plaintiffs and the Class Members were never independent contractors, but were at all times employees of Defendant.  Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiffs and Class Members.

41.     In addition, Defendant instructed Plaintiffs and the Class Members about when, where, and how they were to perform their work – including assigning the geographic locations to work and the properties to inspect.

42.     Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiffs and the Class Members:

   a.     Defendant paid Plaintiffs and Class Members a non-negotiable piece rate that Defendant unilaterally set;

   b.     Plaintiffs and Class Members had no control over what jobsite they may be assigned to;

   c.     Defendant required Plaintiffs and Class Members to request time off in advance and have that time off preapproved;

   d.     Defendant issued work orders to Plaintiffs and Class Members;

   e.     Plaintiffs' and Class Members' services were integrated into Defendant's operations;

   f.     Plaintiffs and Class Members worked for Defendant for long and indefinite periods of time as is common with employees;

   g.     Defendant had specific rules that Plaintiffs and Class Members were required to

follow when performing their jobs; and

     h.     Defendant maintained the right to discharge Plaintiffs and Class Members at will.

43.     Plaintiffs and the Class Members were the workforce without which Defendant could not provide its services.  Plaintiffs and the Class Members were not independent business owners, but were dependent upon the work of Defendant to earn income.

44.     Despite these facts, Defendant improperly classified Plaintiffs and the Class Members as independent contractors and not as employees.

45.     Defendant's method of paying the Plaintiffs and Class Members in violation of the California Labor Code was willful and was not based on a good faith and reasonable belief that its conduct complied with the law.

46.     On April 30, 2018, the California Supreme Court issued its decision in *Dynamex Operations W., Inc. v. Superior Court*, 4 Cal. 5th 903, 416 P.3d 1 (2018), *reh'g denied* (June 20, 2018), which made clear that the Plaintiffs and Class Members should have been classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here. Under the "ABC" test adopted in *Dynamex*, in order to justify classifying the Plaintiffs and Class Members as independent contractors, Defendant would have to prove that the Plaintiffs and Class Members performed services outside Defendant's usual course of business (in addition to other requirements), which Defendant cannot do.

47.     In fact, the California legislature has now taken steps to clarify and codify the *Dynamex* decision by passing A.B. 5, which has been passed by the California legislature and signed into law by the governor. A.B. 5 is effective as of January 1, 2020, and has amended the Labor Code to include Section 2750.3, which mandates that the "ABC" test for misclassification applies for the purposes of the Labor Code, the Unemployment Insurance Code, and for the Wage Orders. *See* Cal. Lab. Code. § 2750.3(a). Notwithstanding, Defendant has continued to misclassify the Plaintiffs and Class Members as independent contractors.

48.     Accordingly, Defendants' conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

49.     Moreover, Defendant failed to reimburse Plaintiffs and the Class Members for their work-related expenses.  Plaintiffs and the Class Members traveled to various properties in their personal vehicles.   However, Defendant failed to reimburse the costs of operating these personal vehicles for work, including all associated gas, insurance, and mileage expenses.  Plaintiffs and the Class Members were also required to use their personal cell phones for work to communicate with homeowners and property owners as well as to take pictures.  They were not reimbursed for their cell phone use or the costs they incurred to use the internet.  Plaintiffs and the Class Members incurred these costs as a necessary expenditure to work for Defendant and thus, Defendant should have paid for those costs.

50.     Defendant also did not provide Plaintiffs with a meal or rest break.  Instead, Plaintiffs were assigned tasks by Defendant and given a certain amount of time to complete those tasks.  Defendants did not provide any time for Plaintiffs to take a meal or rest break during the workday.

51.     Likewise, Defendant did not provide the Class Members with a meal or rest break. They too were assigned tasks by Defendant and were given a set amount of time to complete those tasks.  Defendant did not provide any time for them to take a meal or rest break.

52.     Defendant also failed to provide the Plaintiffs and Class Members with proper itemized wage statements that included all the requisite information required by California law, including the number of hours worked, the hourly wage rate, and any deductions from wages.

## V.      CLASS ALLEGATIONS

53.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class, which is comprised of:

> **All current and former Inspectors a/k/a Field Representatives and all workers in substantially similar positions in California classified as independent contractors during the four-year period prior to the filing of this Complaint to the present.**

54.     <u>Numerosity</u>. The number of members in the Class is believed to exceed forty.  This volume makes bringing the claims of each individual member of the class before this Court

1
2
3
4
5

impracticable.  Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class and Defendant.

6
7
8
9
10
11
12
13

        55.   Typicality.  Plaintiffs' claims are typical of the Class because like the members of the Class, Plaintiffs were subject to Defendant's uniform policies and practices and were compensated in the same manner as others in the Class.  Defendant failed to pay the Class Members minimum wages, overtime compensation, and reimbursed expenses.  Plaintiffs and the Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices which failed to comply with California law.  As such, Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

14
15
16
17
18
19

        56.   Adequacy.  Plaintiffs are representative parties who will fairly and adequately protect the interests of the Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the Class they seeks to represent.

20
21

        57.   Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

22

        a.   Whether Plaintiffs and the Class Members were paid the minimum wage;

23

        b.   Whether Plaintiffs and the Class Members incurred work related expenses;

24

        c.   Whether Plaintiffs and the Class Members were issued proper wage statements;

25
26

        d.   Whether Plaintiffs and the Class Members worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

27
28

e.   Whether Defendant failed to pay the Plaintiffs and Class Members overtime wages for all hours worked over eight (8) hours in a day and/or forty (40) hours in a workweek;

f.   Whether Defendant failed to provide or authorize meal periods and rest periods for Plaintiffs and the Class Members;

g.   Whether Defendant failed to keep accurate records of employees' hours of work and hourly wages, and failed to timely furnish each Plaintiff and Class Member with a statement accurately showing the total number of hours worked and wages earned each pay period; and

h.   Whether Defendant has failed to timely pay employees unpaid wages and overtime due upon their separation from employment with the Company.

58.   The common issues of law include, but are not limited to:

a.   Whether Plaintiffs and the Class Members were employees or independent contractors;

b.   Whether Plaintiffs and the Class Members, who are no longer employed by Defendant, are entitled to waiting time penalties for Defendant's failure to pay all their wages upon termination of their employment;

c.   Whether Defendant's policies and practices provide and authorize meal and rest periods in compliance with California law;

d.   Whether Defendant's pay records comply with California law;

e.   Whether Plaintiffs and the Class Members are entitled to compensatory damages;

f.   The proper measure of damages sustained by Plaintiffs and the Class Members; and

g.   Whether Defendants' actions were "willful."

59.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual

1  members of the Class would create the risk of inconsistent or varying judicial results and establish
2  incompatible standards of conduct for Defendant.

3        60.    A class action, by contrast, presents far fewer management difficulties and affords
4  the benefits of uniform adjudication of the claims, financial economy for the parties, and
5  comprehensive supervision by a single court.  By concentrating this litigation in one forum,
6  judicial economy and parity among the claims of individual Class Members are promoted.
7  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the
8  pendency and any resolution of this action can be provided to the Class by mail, electronic mail,
9  text message, print, broadcast, internet and/or multimedia publication.  The identity of members
10  of the Class is readily identifiable from Defendants' records.

11        61.    This type of case is well-suited for class action treatment because: (1) Defendant's
12  practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it
13  properly compensated the Plaintiffs and Class Members; and (3) the burden is on Defendant to
14  accurately record hours worked by employees and meal periods taken.  Ultimately, a class action
15  is a superior form to resolve the claims detailed herein because of the common nucleus of operative
16  facts centered on the continued failure of Defendant to pay Plaintiffs and the Class Members per
17  applicable California laws.

## VI.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Failure to Pay Minimum Wage**

**(Violation of Cal. Lab. Code §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199;**

**Wage Order 9-2001; San Francisco Minimum Wage Ordinance;**

**Los Angeles Citywide Minimum Wage Ordinance;**

**Los Angeles County Minimum Wage Ordinance)**

**On Behalf of Plaintiffs and the Clas Members**

26        62.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

27        63.    Plaintiffs reallege and incorporate by reference the allegations in the preceding,
28  paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, in failing to ensure

the Plaintiffs and Class Member received the minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197, 1194, 1182.12, 1194.2, 1197.1, 1199, 2750.3 and Wage Order 9-2001 (as well as the higher minimum wage rates established by the San Francisco Minimum Wage Ordinance, the Los Angeles Citywide Minimum Wage Ordinance, and the Los Angeles County Minimum Wage Ordinance, for those Inspectors who worked in those jurisdictions). This claim is brought on behalf of a class of similarly situated individuals in the state of California. Plaintiffs and the Class Members are entitled to damages in the amount of their unpaid minimum wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime

### (Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)

### On Behalf of Plaintiffs and the Class Members

64.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

65.     Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for overtime worked at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours per day. Defendant was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

66.     At all relevant times, Defendant operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay the Inspectors for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

67.     Defendant knew or clearly should have known that Plaintiffs and the Class Members were employees and not independent contractors, and thus, were entitled to overtime pay.

68.     Defendant routinely required Plaintiffs and the Class Members to work more than eight (8) hours per day or forty (40) hours per workweek and work on the seventh day of a workweek.  Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the Class, including Plaintiffs, overtime wages for any of the overtime hours they worked since at least four years prior to this lawsuit being filed.

69.     The Class Members, including Plaintiffs, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

70.     Defendant regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to the Inspectors.  Through this unlawful course of conduct, Defendant has deprived and continues to deprive Plaintiffs and the Class Members of records necessary to calculate with precision the overtime compensation due to them.

71.     Defendant's conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the Class, including Plaintiffs, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CLAIM FOR RELIEF

**Failure to Provide Off-Duty Meal and Rest Periods**

**(Wage Order No. 4-2001; California Labor Code §§ 218.5, 226.7, 512)**

**On Behalf of Plaintiff Gonzalez Ruiz and the California Class**

72.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

73.     Throughout the relevant statute of limitations, Defendant operated under and continues to operate under a common policy and plan of failing and refusing to afford Plaintiffs

and the Class Members at least one half-hour meal period in which they were relieved of all duties after five hours of work and a second meal period after ten hours of work, as defined by IWC Wage Order No. 4-2001 and Labor Code §§ 226.7 and 512.

74.    Plaintiffs and the Class Members were regularly expected to work during lunch and other breaks.

75.    Defendant violated the meal and rest period laws by forcing Plaintiffs and the members of the Class to work through long hours without the required meal periods.

76.    Plaintiffs and the members of the Class sue for all damages allowed under the law including statutory penalties for each such violation. *See* IWC Wage Order 4-2001 and Cal. Lab. Code § 226.7.

77.    Defendant is liable for forcing Plaintiffs and the Class Members to work during the meal period mandated after 5 hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the first required meal period to each Class Member.

78.    Defendant is further liable for forcing Plaintiffs and the Class Members to work during the second meal period mandated after ten hours of work for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the second required meal period to each Class Member.

79.    Plaintiffs and the Class Members were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Defendant authorizing and permitting them to take paid ten (10) minute rest periods during which they were relieved of all duties, as required by IWC Wage Order 4-2001 § 12(A) and Labor Code § 226.7.

80.    Defendant is further liable for forcing Plaintiffs and the Class Members to work during the first required rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the first required rest period to each Class Member.

81.    Defendant is further liable for forcing Plaintiffs and the Class Members to work during the second rest period for one additional hour of pay at the employee's regular rate of

compensation for each work day that Defendant failed to provide the second required rest period to each Class Member.

82.     Defendant is further liable for forcing Plaintiffs and the Class Members to work during the third rest period for one additional hour of pay at the employee's regular rate of compensation for each work day that Defendant failed to provide the third required rest period to each Class Member.

83.     Defendant is liable for unpaid wages and statutory penalties pursuant to IWC Wage Order 4-2001 and Labor Code § 226.7.

84.     Plaintiffs and the Class Members are entitled to damages in the amount of their unpaid premium wages, reasonable attorneys' fees and costs, injunctive relief, and other such legal and equitable relief as the Court deems just and proper.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**Failure to Reimburse Plaintiffs for Necessary Expenditures**

**(California Labor Code § 2802)**

**On Behalf of Plaintiffs and the Class Members**

85.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

86.     At all times material to this Complaint, Plaintiffs and the Class Members were required to drive their personal vehicles on behalf of Defendant in the course and scope of their employment.  They were not reimbursed for mileage and other expenses related to the use of their personal vehicles. Likewise, Defendant failed to reimburse Plaintiffs and the Class Members for use of their cell phones, data plans, internet connections, and other expenses that benefited Defendant, all of which were required to perform their jobs.

87.     At all times material to this Complaint, Defendant was subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

88.     As a proximate result of Defendant's policies in violation of Labor Code § 2802, Plaintiffs and the Class Members sustained actual and pecuniary damages.

89.     Plaintiffs and the Class Members are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

90.     Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.   Interest shall accrue from the date on which the employee incurred the necessary expenditure.  Plaintiffs and the Class they represent are entitled to said interest.

<u>FIFTH CLAIM FOR RELIEF</u>

**Failure to Furnish Wage Statements**

**(California Labor Code §§ 226)**

**On Behalf of Plaintiffs and the Class Members**

91.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

92.     Defendant knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiffs and each Class Member with timely, itemized statements that accurately reflect – among other things – the total number of hours worked and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked.

93.     As a result, Defendant is liable to Plaintiffs and each of the Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

94.     Plaintiffs and the Class Members are also entitled to reasonable attorneys' fees and costs pursuant to California Labor Code § 226(e).

<u>SIXTH CLAIM FOR RELIEF</u>

**Failure to Pay All Wages Upon Separation from Employment**

**(California Labor Code §§ 201, 202, 203)**

**On Behalf of Plaintiffs and the Class Members**

95.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

96.    California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

97.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

98.    During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiffs and the Class Members who are no longer employed by Defendant all wages owed as alleged herein.  Defendant is therefore liable to Plaintiff and the Class Members who are no longer employed by Defendant for waiting time penalties as required by California Labor Code §§ 203 and 218.

99.    Plaintiffs on behalf of themselves and on behalf of the members of the Class who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

## SEVENTH CLAIM FOR RELIEF

**Unlawful and/or Unfair Competition Law Violations**

**(California Business & Professions Code §§ 17200-17208)**

**On Behalf of Plaintiffs and the Class Members**

100.    Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

101.    California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

102.    Plaintiffs bring this cause of action on behalf of themselves and as a representative of all others subject to Defendant's unlawful acts and practices.

103.    During all relevant times, Defendant committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendant's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay minimum wages, failing to provide and authorize

mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

104.   As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiffs and the Class Members.  Defendant must disgorge these ill-gotten gains and restore to Plaintiffs and the Class Members all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

105.   Plaintiffs, on behalf of themselves and on behalf of the members of the Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

### EIGHTH CLAIM FOR RELIEF

**Declaratory Judgment**

**(Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201)**

**On Behalf of Plaintiffs and the Class Members**

106. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

107.   An actual controversy of sufficient immediacy exists between the Parties as to whether Defendant has failed to comply with its obligations under the California Labor Code, as described above.  Defendant's conduct in misclassifying its Inspectors, including Plaintiffs, as independent contractors, failing to ensure that they are reimbursed for their necessary business expenditures, failing to ensure that they receive minimum wage for all hours worked, overtime pay, and other protections of California's Labor Code and Wage Orders, contravenes California state law, including the newly enacted A.B. 5 and Cal. Lab. Code § 2750.3(a).

108.   As a result of the factual allegations above, Plaintiffs and all Class Members have suffered actionable harm, as they have not been properly compensated for their work.  Plaintiffs seek an order of this Court pursuant to 28 U.S.C. §§2201-02 and Fed. R. Civ. P. 57 declaring that, as a result of this misclassification of its workforce, Defendant has violated the California Labor

Code and Wage Orders and declaring that Defendant must comply with the Labor Code and Wage Orders.

109.    The injunction that Plaintiffs seek is in the nature of a public injunction and is not solely for the benefit of themselves and other Inspectors. Instead, ordering Defendant to comply with the California Labor Code is in the public interest because Defendant's violation of the Labor Code and Wage Orders diminishes labor standards in the California economy. Complying competitors are put at a disadvantage when companies such as Defendant flout the Labor Code and Wage Orders by misclassifying their employees as independent contractors. Public funds are also impacted by these violations because the state incurs costs in supporting and providing services to employees who are not properly paid and do not even receive minimum wage. The California Supreme Court made a strong statement in the recent *Dynamex* decision - and the California legislature has now reinforced that statement by passing Assembly Bill 5 - of the importance to the public good of employers properly classifying their workers as employees. That public interest is harmed by an employer, such as Defendant, ignoring the decision and continuing to classify its employees as independent contractors.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Class Members, pray for relief as follows:

1.    Declare that Defendant's actions described in this Complaint violate the rights of Plaintiffs and the Class Members;

2.    Declare and find that Defendant has violated Wage Order 9-2001, the UCL, and Cal. Lab. Code 226(a), 226.3, 226.7, 510, 558, 1184.12, 1194, 1194.2 1197. 1197.1, 1199, 1198, 2802, 2750.3 as well as the San Francisco Minimum Wage Ordinance, the Los Angeles Citywide Minimum Wage Ordinance, the Los Angeles County Minimum Wage Ordinance, and the provisions of A.B. 5;

3.    Certifying that this action as a class action under Fed. R. Civ. P. 23;

4.    Preliminary, permanent, mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

1    5.    Award compensatory damages, including all expenses and wages owed, in an
2  amount according to proof;

3    6.    Awarding liquidated damages, restitution, and/or statutory penalties to be paid by
4  Defendant for the causes of action alleged herein;

5    7.    Award pre- and post-judgment interest;

6    8.    Award reasonable attorneys' fees, costs, and expenses; and

7    9.    Award any other relief to which the Plaintiffs and the Class may be entitled.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

**Don Foty**
(seeking admission pro hac vice)
dfoty@hftriallawfirm.com
**HODGES & FOTY, LLP**
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Phone: (713) 523-0001
Fax:     (713) 523-1116

**Attorneys for Plaintiffs and Class Members**